UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| **GEORGIA A. STEWART,** <br> 235 Quackenbos Street, N.E., <br> Washington, D.C.  20011, <br><br> Plaintiff, <br><br> v. <br><br><br> **MURIEL BOWSER, MAYOR,** <br> **DISTRICT OF COLUMBIA,** <br> 441 4th Street, N.W., <br> Washington, D.C.  20001 <br><br> and <br><br> **MONICA PALACIOS, DIRECTOR.** <br> **DISTRICT OF COLUMBIA** <br> **OFFICE OF HUMAN RIGHTS** <br> 441 4th Street, N.W. <br> Washington, D.C.  20001 <br><br> Defendants. | <br><br><br><br><br><br> C.A. No.: 1:17-cv- |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT - CIVIL RIGHTS

## (JURY TRIAL DEMANDED)

### I.  JURISDICTION AND VENUE

1.    This is an action for declaratory relief, injunctive relief, back pay, compensatory damages and other appropriate relief, legal and equitable, brought by Plaintiff Georgia A. Stewart to redress violations by the Defendants of Plaintiff's civil rights.  The jurisdiction of this Court is invoked to secure the protection of and to redress the deprivation of rights secured to Plaintiff by the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., as amended, (Supp. II. 1991) (hereinafter, "Title VII"), which provides for

1

injunctive, equitable and other relief against discrimination in employment on the basis of race, religion, sex, national origin and color, and forbids retaliation against any person who exercises his or her rights under Title VII. This Complaint also states a cause of action under the Age Discrimination Act of 1967, as amended, 29 U.S.C. § 626. The jurisdiction of this Court is also invoked under 28 U.S.C. §§ 1331, this being a suit authorized and instituted pursuant to the Civil Rights Act of 1964.

2. This proceeding is instituted in the United States District Court for the District of Columbia pursuant to 28 U.S.C. § 1391, as the judicial district in which the cause of action arose and in which the Defendant, an agency of the District of Columbia government, is located and doing business.

3. This is a civil action, and the amount in controversy exceeds $100,000, exclusive of costs.

## II.  PARTIES

4. Plaintiff Georgia A. Stewart is a Black female citizen of the United States who was employed by the Defendant District of Columbia Office of Human Rights for over forty years.

5. Defendant Muriel Bowser is sued in her official capacity as Mayor of the District of Columbia.

6. Defendant Monica Palacios is sued in her official capacity as Director of the District of Columbia Office of Human Rights, which is an agency of the District of Columbia government.

## III.   STATEMENT OF FACTS

6. Plaintiff Georgia Stewart began her employment with Defendant D.C. Office of Human Rights in 1967.

7. Plaintiff Stewart distinguished herself as a staff member of the District of Columbia Office of Human Rights ("OHR") for more than 40 years.

8. Ms. Stewart occupied many different supervisory positions in the OHR, such that she became an expert all aspects of civil rights compliance.

9. During her almost fifty years of employment with the D.C. Office of Human Rights, Ms. Stewart has, at various times headed the OHR's Intake, Investigations, and Compliance units, all with distinction.

10. For the last twenty years of her tenure with the OHR, Plaintiff Stewart was the supervisor of the OHR's Mediation Unit.

11. Under the direction of Georgia Stewart, the Mediation Unit of the OHR soon became the most respected component of the D.C. Office of Human Rights.

12. Despite Ms. Stewart's many years of distinguished service to the District of Columbia and the D.C. Office of Human Rights, in approximately 2012, Defendant OHR began to subject Plaintiff Stewart to a series of discriminatory acts.

13. In 2013, Ms. Stewart filed a charge with the U.S. Equal Employment Opportunity Commission ("EEOC"), alleging that the OHR was discriminating against her because of her age.

14. When Ms. Stewart filed her EEOC complaint in 2013, Gustavo Velasquez was the Director of the OHR.

15. In approximately March 2014, Monica Palacios succeeded Gustavo Velasquez as Director of the OHR.

16. Prior to succeeding Gustavo Velasquez as OHR Director, Monica Palacios had been one of the Gustavo Velasquez' deputies at the OHR.

17. At the time Monica Palacios succeeded Gustavo Velasquez as Director of the OHR, Georgia Stewart's discrimination complaint against the OHR was still pending.

18. Once Monica Palacios became Director of the OHR, Ms. Palacios began to continue the pattern of discriminatory treatment against Georgia Stewart begun by Gustavo Velasquez.

19. The acts of discrimination which Monica Palacios perpetrated against Plaintiff Georgia Stewart were, *inter alia*:

a. Hiring employees to work under Ms. Stewart in the OHR Mediation Unit without allowing Ms. Stewart to have any input into the hiring decision.

b. Terminating employees who worked under Ms. Stewart in the OHR Mediation Unit without notice and without allowing Ms. Stewart to have any input into the termination decision.

c. Refusing to allow the OHR Mediation Unit to have a full complement of staff, even though the OHR Mediation Unit was the most productive unit within the OHR.

d. Failing and refusing to timely provide the OHR Mediation Unit with the proper tools and equipment needed to perform its duties.

e. Assigning work to OHR Mediation Unit staff without informing Ms. Stewart, and without allowing Ms. Stewart any input into the assignment decision, and without regard as to which of Ms. Stewart's subordinates is best equipped to carry out the assignment.

  f. Giving preferential treatment to other, younger supervisors within OHR.

 20. On September 30, 2016, Plaintiff Georgia Stewart was abruptly terminated from her employment with the OHR by Monica Palacios.

 21. At the time she terminated Georgia Stewart, Monica Palacios told Ms. Stewart that Ms. Stewart had fifteen minutes to get out of the building.

 22. When Ms. Stewart asked Ms. Palacios why she was terminating her, Ms. Palacios replied "Because I can."

## IV. STATEMENT OF CLAIM

 23. Plaintiff Georgia A. Stewart alleges that, because of Plaintiff's age, race and disability, Defendant OHR has engaged in a pattern of discriminatory and retaliatory conduct in violation of rights secured to Plaintiff by the Age Discrimination Act of 1967, as amended, 29 U.S.C. § 626, et seq., by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., as amended, (Supp. II. 1991).

 24. As a direct and proximate result of Defendant's conduct, Plaintiff Stewart's career and professional reputation have been severely damaged, Plaintiff has suffered mental anguish, and has lost personal and professional esteem, and Plaintiff has incurred additional financial losses, including legal fees and costs.

 25. Plaintiff Georgia A. Stewart has no plain, adequate or complete remedy at law to redress the acts and practices complained of herein, and Plaintiff is now suffering and will continue to suffer irreparable injury as a result of Defendant's acts and conduct as described herein.  Unless Defendants are restrained by Order of this Court, Plaintiff will continue to suffer said irreparable injury.

 26. On December 19, 2016, Ms. Stewart received a right-to-sue letter from the

EEOC, and all administrative exhaustion requirements to this lawsuit have been satisfied.

## **FIRST CAUSE OF ACTION— REPRISAL**

27.     Plaintiff Georgia Stewart alleges and re-alleges paragraphs 3-25 with the same force and effect as if set forth fully and completely herein.

28.     Plaintiff Stewart is informed and believes that the outrageous conduct of Defendant Monica Palacios, as described above, was taken solely because of Ms. Stewart's age and prior protected activity.

29.     The effect of Defendant's acts and practices as enumerated herein has been to deprive Plaintiff Georgia Stewart of rights secured to her by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., to be free from reprisal and retaliation discrimination, because Defendants, solely because of Plaintiff's prior protected activity, have deprived Plaintiff of equal opportunity by terminating Plaintiff's employment. By said acts, Defendants have violated Title VII of the Civil Rights Act of 1964, as amended.

## **SECOND CAUSE OF ACTION—AGE DISCRIMINATION**

30.     Plaintiff  Georgia Stewart alleges and re-alleges Paragraphs 3 through 25, with the same force and effect as if set forth separately and at length herein.

31.     Plaintiff  Georgia Stewart alleges that, solely because of Plaintiff's age, Defendant D.C. Office of Human Rights subjected her to a hostile work environment and terminated her in violation of rights secured to Plaintiff by the Age Discrimination Act of 1967, as amended, 29 U.S.C. § 626(d), et seq.

## THIRD CAUSE OF ACTION—INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

32. Plaintiff Georgia Stewart alleges and re-alleges paragraphs 3-26 with the same force and effect as if set forth fully and completely herein.

33. Defendants' conduct towards Georgia Stewart was extreme and outrageous.

34. The manner in which Defendant OHR terminated Georgia Stewart was embarrassing and humiliating to Ms. Stewart, and caused her extreme emotional distress.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Georgia A. Stewart respectfully prays this Honorable Court to advance this case on the docket, Order a jury trial, cause a hearing in this case to be in every way expedited, and upon such hearing to:

1. Issue a declaratory judgment that Defendants' acts and practices complained of herein violated Plaintiff's rights as secured by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq., and the Age Discrimination Act of 1967. 29 U.S.C. § 626, as amended.

2. Order Defendants to make Plaintiff whole for the discrimination and retaliation Plaintiff has suffered as a result of the acts and practices as described herein, and provide appropriate back pay, wages, and benefits in an amount to be shown at trial;

3. Grant Plaintiff an award of compensatory damages for each of Plaintiff's Claims herein to compensate Plaintiff for the humiliation, emotional distress and loss of personal and professional esteem suffered by Plaintiff as a result of Defendants' intentional acts;

4. Grant Plaintiff attorney fees, costs and the disbursements necessary for Plaintiff to maintain this action.

5. Retain jurisdiction over this action to assure full compliance with the Orders of this Court and with applicable law, and require the Defendant to file such reports as the Court deems necessary to evaluate such compliance.

6. Grant such other and further relief as the Court deems necessary and proper.

Respectfully submitted,

_____/s/_____
John W. Davis, DCB# 931600
1629 K Street, N.W.
Suite 300
Washington, D.C.  20006
(202) 403-2276
(202) 403-3495, Facsimile
jwdalaw@gmail.com
Attorney for Plaintiff Georgia A. Stewart