**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

GEORGIA A. STEWART,
    Plaintiff

v.

MURIEL BOWSER, *et al*.,
    Defendants

Civil Action No. 17-cv-495 (CKK)

**MEMORANDUM OPINION AND ORDER**
(November 6, 2017)

    Plaintiff in this case alleges that her former employer, the District of Columbia Office of Human Rights ("OHR"), discriminated against her in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Age Discrimination in Employment Act of 1967 ("ADEA"). Presently before the Court is Defendants' [5] Motion to Dismiss the Complaint. Upon consideration of the pleadings,[1] the relevant legal authorities, and the record as a whole, the Court will GRANT-IN-PART and DENY-IN-PART Defendants' motion.

**I. BACKGROUND**

    Plaintiff Georgia A. Stewart, an African American female, was an employee of the OHR from 1967 to 2016. Compl., ECF No. 1, ¶¶ 4, 6. In 2013, Plaintiff filed a charge with the United States Equal Employment Opportunity Commission ("EEOC") alleging that, despite her many years of distinguished service, the OHR had begun to discriminate against her on the basis of her

---

[1] The Court's consideration has focused on the following documents:
- Defs.' Mot. to Dismiss the Complaint ("Defs.' Mot."), ECF No. 5;
- Pl.'s Mem. in Opp'n to Mot. to Dismiss ("Pl.'s Opp'n"), ECF No. 9; and
- Defs.' Reply in Support of Mot. to Dismiss ("Defs.' Reply"), ECF No. 10.

In an exercise of its discretion, the Court finds that holding oral argument in this action would not be of assistance in rendering a decision. *See* LCvR 7(f).

1

age. *Id.* ¶¶ 12-13. The discriminatory acts Plaintiff claims her supervisors subjected her to include hiring and firing employees in Plaintiff's department without allowing her any input in the decision, refusing to allow the unit she supervised to have a full staff, depriving that unit of proper tools and equipment, assigning work within the unit without notice to or input from Plaintiff, and giving preferential treatment to other, younger, employees in her department. *Id.* ¶ 19. Plaintiff was terminated on September 30, 2016 and allegedly told she had 15 minutes to exit the building. *Id.* ¶¶ 20-21. Plaintiff alleges that when she asked her supervisor why she was firing her, the supervisor responded "Because I can." *Id.* ¶ 22.

Plaintiff asserted three causes of action in her Complaint: reprisal under Title VII, age discrimination under the ADEA, and intentional infliction of emotional distress. *Id.* ¶¶ 27-34. Defendants have moved to dismiss under Federal Rule of Civil Procedure 12(b)(6).

## II. LEGAL STANDARD

Pursuant to Rule 12(b)(6), a party may move to dismiss a complaint on the grounds that it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The Federal Rules of Civil Procedure require that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "[A] complaint [does not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557). Rather, a complaint must contain sufficient *factual* allegations that, if true, "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court must construe the complaint in the light most favorable to the plaintiff and accept as true all reasonable factual inferences drawn from well-pleaded factual allegations. *See In re United Mine Workers of Am. Employee Benefit Plans Litig.*, 854 F. Supp. 914, 915 (D.D.C. 1994).

### III. DISCUSSION

#### A. Plaintiff's Intentional Infliction of Emotional Distress Claim

The Court begins by noting that Plaintiff concedes that her intentional infliction of emotional distress claim should be dismissed and withdraws that claim. Pl.'s Opp'n at 1. That claim is accordingly dismissed.

#### B. The Proper Defendant

Next, Defendants urge the Court to dismiss Plaintiff's Complaint in its entirety because she has named the wrong Defendants. Defs.' Mot. at 4. "There is little dispute that the proper defendant in an action by a District employee for employment discrimination is the District of Columbia itself." *Cooper v. Henderson*, 174 F. Supp. 3d 193, 199 (D.D.C. 2016). Plaintiff, however, has not named the District of Columbia as a Defendant. She has instead named Mayor Muriel Bowser and Plaintiff's supervisor as Defendants in their official capacities.

The Court is not persuaded that this mistake warrants the draconian result of dismissal. "Where a plaintiff, through unknowing mistake, names an improper defendant in her complaint, many courts in this district have *sua sponte* ordered substitution of the proper defendant." *Id.* at 200 (collecting cases). A court may correct such a mistake regardless of whether the plaintiff is appearing *pro se* or is represented by counsel. *Id.* The Court will simply do so here. In lieu of dismissing Plaintiff's complaint, the Court will order that the individual Defendants be dismissed

3

and replaced with the District of Columbia as the Defendant in this action. Pursuant to this substitution, the "complaint will be construed as one alleging claims against the District of Columbia." *Sampson v. D.C. Dep't of Corrections*, 20 F. Supp. 3d 282, 285 (D.D.C. 2014).

## C. Plaintiff's Title VII and ADEA Claims

Defendants have also moved to dismiss Plaintiff's Title VII and ADEA claims. Briefly, Defendants argue that Plaintiff's Title VII claim should be dismissed because too much time had lapsed between the protected activity and Plaintiff's termination to warrant an inference of causation, and no other facts showing causation have been alleged. Defs.' Mot. at 5-6. Defendants argue that Plaintiff's ADEA claims are meritless and should be dismissed because Plaintiff failed to specify her age in the Complaint, did not plead sufficient factual allegations to show that she was disadvantaged with respect to similarly situated younger employees, and did not allege any direct evidence of age discrimination. Defs.' Mot. at 8. Defendants further argue that Plaintiff has not alleged sufficient facts to show that Defendants' actions rose to the level of severity or pervasiveness necessary to constitute a hostile work environment under the ADEA. Defs.' Mot. at 10.

Plaintiff has requested that the Court permit her to amend her claims if the Court finds any defects in the Complaint. Pl.'s Opp'n at 9. Given that the gravamen of Defendants' argument that the Court should dismiss the Complaint is the absence of factual allegations—not the futility of Plaintiff's claims—and that Plaintiff has offered to amend her Complaint, the Court will exercise its discretion to accept Plaintiff's offer to file an Amended Complaint pursuant to F.R.C.P. 15(a)(2). *See Attias v. Carefirst, Inc.*, 865 F.3d 620, 625 (D.C. Cir. 2017) (holding that an express invitation to amend the complaint renders an order of dismissal without prejudice not final and appealable because it "signal[s] that the district court is rejecting only the *complaint*

4

presented, and that it intends the action to continue.") (emphasis in original). The Court declines to specifically rule on the ultimate viability of Plaintiff's Title VII and ADEA claims at this time, and will instead allow Plaintiff to file an Amended Complaint alleging additional facts in support of those claims by **December 6, 2017**. Because the Court is giving Plaintiff the opportunity to amend her Title VII and ADEA claims, the Court will DENY WITHOUT PREJUDICE Defendants' motion to dismiss these claims.

## IV. CONCLUSION

Accordingly, for the foregoing reasons, the Court **ORDERS** that Defendants' Motion to Dismiss is hereby **GRANTED-IN-PART** and **DENIED-IN-PART**. Plaintiff's Intentional Infliction of Emotional Distress claim is **DISMISSED**. The individual Defendants are **DISMISSED** and replaced with the District of Columbia as the Defendant. Finally, The Court will allow Plaintiff to file an Amended Complaint alleging additional facts in support of her Title VII and ADEA claims by **December 6, 2017**. Defendants shall respond to Plaintiff's Amended Complaint by **December 20, 2017**.

                                                        /s/
                                      COLLEEN KOLLAR-KOTELLY
                                      United States District Judge