**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| GEORGIA A. STEWART, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 17-cv-495 (CKK) |
| | ) | |
| DISTRICT OF COLUMBIA, | ) | |
| | ) | |
| Defendant. | ) | |

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT DISTRICT OF COLUMBIA'S MOTION FOR SUMMARY JUDGMENT**

**INTRODUCTION**

Plaintiff fails to offer any credible evidence of age discrimination under the ADEA,

retaliation under Title VII, or a hostile work environment based on age under the ADEA sufficient

to defeat summary judgment.  First, Plaintiff cannot show the District's legitimate reasons for her

termination to be pretextual because Plaintiff admits having most of the performance deficiencies

that Palacio, her supervisor, cites, and moreover, she offers no credible evidence that Palacio did not

believe her stated reasons to be accurate.  She also cannot show that she was similarly situated to a

younger employee who was treated more favorably.  In addition, Plaintiff cannot establish a prima

facie retaliation claim because there is no causation between her complaint of discrimination and

her termination – *three years* separates the two events.  Finally, Plaintiff concedes her hostile work

environment claim by failing to address it in her opposition brief, and in any event, she has not

established any facts to support the claim.  Accordingly, the District is entitled to summary

judgment.

**ARGUMENT**

**I.**     **The Court Should Strike or Disregard Plaintiff's Exhibits B, D, F, I, J, K, and N Because Plaintiff Did Not Produce These Documents During Discovery and Exhibit I Is Inadmissible Hearsay.**

Plaintiff attached *seven* exhibits (Exhibits B, D, F, I, J, K, and N) to her summary judgment motion, comprising dozens of pages, that she did not produce during discovery. The Court should exclude these exhibits. "The Federal Rules obligate adversaries to timely provide copies of 'all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses.'" *Shatsky v. Syrian Arab Republic*, 312 F.R.D. 219, 223 (D.D.C. 2015) (quoting Fed. R. Civ. P. 26(a)(1)(A)(ii)). Plaintiff's late disclosures, not provided until Plaintiff filed her opposition to the District's summary judgment motion, do not comply with her discovery obligations under the Federal Rules. Because Plaintiff did not timely provide these documents, the Court should strike or at least disregard them. *See Shatsky*, 312 F.R.D. at 229 (striking 73 exhibits attached to the plaintiff's opposition to summary judgment because they were not produced until after discovery closed).

In addition, Plaintiff's Exhibit I, the "Woodard Report" is inadmissible hearsay. Plaintiff offers this document for the truth of matters asserted within it, claiming that it supports her belief that a younger comparator was "the true poor performer." Pl.'s Opp'n at 13. The report does not fall under a hearsay exception and was written by a private company, not the government, and thus is not a business or public record of the District government. *See* Pl.'s Ex. I, Woodard Report.

**II.**    **The District Had a Legitimate, Nondiscriminatory Reason for Plaintiff's Termination that No Reasonable Jury Could Find Is Pretextual.**

The District had a legitimate, nonretaliatory reason for Plaintiff's termination that no reasonable jury would find pretextual – her poor work performance.  Because no reasonable jury could find the District's stated reasons to be pretextual, the District is entitled to summary judgment.[1]

Palacio was dissatisfied with Plaintiff's work performance on several grounds:  Plaintiff failed to timely and consistently update mediation cases in MATS, mismanaged her staff and showed poor judgment, and failed to attend or was late for management and all-staff meetings and made unproductive and disrespectful comments when she did attend.  Def.'s Statement of Undisputed Material Facts (Def.'s Facts) ¶¶ 56-57; *see also id.* ¶¶ 22-23, 26-40.  "Failure to meet the standard of work required by an employer is undoubtedly a facially legitimate basis for terminating an employee." *Johnson v. Dist. of Columbia*, 99 F. Supp. 3d 100, 105 (D.D.C. 2015) (citations omitted), *aff'd*, 688 F. App'x 4 (D.C. Cir. 2017).

In fact, Plaintiff admits most of the performance deficiencies that Palacio cites and thus there is no genuine dispute of fact that the District's stated reasons are legitimate.  Plaintiff concedes that she did not timely update MATS in accordance with Palacio's directive.  Def.'s Facts ¶ 23 (citing Def.'s Ex. 1, Stewart Dep. at 51:3-15).  Instead of complying with her

---

[1]    "[The D.C.] Circuit has ruled . . . that '[i]n a ... suit where an employee has suffered an adverse employment action and an employer has asserted a legitimate, non-discriminatory reason for the decision, the district court need not—*and should not*—decide whether the plaintiff actually made out a prima facie case.'  Instead, the district court should determine whether the employee 'produced sufficient evidence for a reasonable jury to find that the employer's asserted non-discriminatory reason was not the actual reason and that the employer intentionally discriminated against the employee' on the basis of a protected trait or activity." *Davis v. George Washington Univ.*, 26 F. Supp. 3d 103, 118-19 (D.D.C. 2014) (quoting *Brady v. Office of Sergeant at Arms,* 520 F.3d 490, 494 (D.C. Cir. 2008)).

supervisor's instruction, Plaintiff chose to blame staffing levels for her management failures. *See* Pl.'s Ex. A, Declaration of Georgia Stewart (Stewart Decl.) ¶ 38.  Plaintiff also does not deny that she strongly recommended Grimes' hiring to Palacio, that Grimes was a poor performer, and that Palacio ultimately terminated him based on Plaintiff's own memorandum. *See* Pl.'s Ex. A, Stewart Decl.; Pl.'s Opp'n; Def.'s Facts ¶¶ 29-35.

Lastly, Plaintiff admits that she failed to attend "regularly scheduled staff meetings." Pl.'s Ex. A, Stewart Decl. ¶ 28.  She claims that "these absences were due to [her] overseeing mediations and/or conciliations" and that Palacio "was fully aware of these scheduling conflicts, because [she] told [Palacio] whenever [she] was going to miss a staff meeting." *Id.*  To the contrary, the record shows that on several occasions, Plaintiff did not advise Palacio that she would be absent from a meeting. *See* Def.'s Ex. 6 (email correspondence).  Moreover, Palacio believed that Plaintiff's absences from management and staff meetings was inexcusable because they were scheduled for the same days each month.  Def.'s Facts ¶ 37.

Plaintiff attempts to undercut the District's legitimate reasons by asserting that Nellie Phelan, a mediator she supervised, did not resign because Plaintiff did not assign her enough work, but because of her family responsibilities.  Pl.'s Ex. A, Stewart Decl. ¶ 33-34, 41.  But Palacio did not say that Phelan resigned *because* Plaintiff did not give her enough work – she stated that the employee told her that Plaintiff had not assigned her enough work.  Def.'s Facts ¶ 27.  And based on this information, Palacio believed that Plaintiff engaged in ineffective and wasteful mismanagement of this full-time mediator.  *Id.* ¶ 26.  Plaintiff offers no evidence to dispute this fact.

The undisputed facts establish that Plaintiff was dissatisfied with Plaintiff's work in several respects.  Plaintiff baldly alleges, without citing to any evidence in the record, that she

has shown an inference of discrimination and retaliation.  *See* Pl.'s Opp'n at 13.  But "[this Court] cannot green-light a trial based on [Plaintiff's] mere speculation that [Palacio] was feigning dissatisfaction with [Plaintiff's] work in order to hide [her] own allegedly improper motivation."  *Vatel v. All. of Auto. Mfrs.*, 627 F.3d 1245, 1248 (D.C. Cir. 2011).

Plaintiff claims that she was a "stellar" performer.  Pl.'s Ex. A, Stewart Decl. ¶ 5.  But it is well settled that "'it is the perception of the decision maker which is relevant, not the self-assessment of the plaintiff.'"  *Hairston v. Vance-Cooks*, 773 F.3d 266, 273 (D.C. Cir. 2014) (quoting *Vatel v. Alliance of Auto. Mfrs.*, 627 F.3d 1245, 1247 (D.C. Cir. 2011)).  "Ultimately, the question before the Court is not whether the negative evaluation was justified or fair, but whether the employer honestly believed it to be accurate."  *Mentzer v. Lanier*, 677 F. Supp. 2d 242, 258 (D.D.C. 2010) (Kollar-Kotelly, J.) (citing *Fischbach v. D.C. Dep't of Corr.*, 86 F.3d 1180, 1183 (D.C.Cir.1996)), *aff'd*, 408 F. App'x 379 (D.C. Cir. 2010).  "Showing pretext . . . requires more than simply criticizing the employer's decisionmaking process. . . . [Courts] may not 'second-guess an employer's personnel decision absent demonstrably discriminatory motive.'"  *Hairston v. Vance-Cooks*, 773 F.3d 266, 272 (D.C. Cir. 2014) (quoting *Fischbach*, 86 F.3d at 1183).  Plaintiff has not shown that Palacio did not believe the reasons she provided for Plaintiff's termination to be accurate.  No reasonable jury would find otherwise. Accordingly, the Court should grant summary judgment to the District on Plaintiff's Title VII retaliation claim and ADEA discrimination claim.

Plaintiff also contends that she "was terminated for being a 'poor performer' even though Rahsaan Coefield, who supervised the OHR Investigation Unit, was the true poor performer." Pl.'s Opp'n at 13.  Plaintiff's aspersions do not establish a genuine dispute of fact.

"To show that employees are similarly situated, a plaintiff is required to demonstrate that all of the relevant aspects of her employment situation were nearly identical to those of the similarly situated employee. The relevant aspects to consider include the similarity of the plaintiff's and the putative comparator's jobs and job duties, whether they were disciplined by the same supervisor, and, in cases involving discipline, the similarity of their offenses." *Johnson v. Washington Metro. Area Transit Auth.*, 314 F. Supp. 3d 215, 221 (D.D.C. 2018).

Here, although Plaintiff and Coefield had the same supervisor (Palacio), they had different jobs and job duties and, significantly, there is no similarity between their conduct. Coefield supervised two units in OHR and also served as Deputy Director, whereas Plaintiff only supervised one unit. Def.'s Facts ¶¶ 47-49. Moreover, Plaintiff does not offer any evidence that Coefield was actually a poor performer. She merely alleges without factual support that he "consistently underperformed but was not penalized." Pl.'s Ex. A, Stewart Decl. ¶ 5. "In opposing summary judgment, [Plaintiff] 'may not simply rest on vague or conclusory evidence.'" *Johnson*, 314 F. Supp. 3d at 222 (quoting *Cureton v. Duke*, 272 F. Supp. 3d 56, 62 (D.D.C. 2017)). Furthermore, Plaintiff makes no showing that Coefield failed to timely and consistently update MATS, mismanaged his staff, showed poor judgment, and failed to attend management and staff meetings. Thus, she has not shown that they committed similar offenses, and as a result, cannot show pretext. *See id.* at 223 (holding that no reasonable jury could find pretext where the plaintiff's offenses were not similar to those of her comparators).

III.   **Plaintiff Cannot Establish a Prima Facie Retaliation Claim Under Title VII Because She Cannot Show Causation.**

Should the Court look to whether Plaintiff established a prima facie case of retaliation, the undisputed record shows that she did not. As shown in the District's moving brief, Plaintiff

cannot show causation because there is no temporal proximity between her 2013 EEOC charge and her 2016 termination. As a result, her retaliation claim fails.

Plaintiff offers no credible evidence showing causation. Indeed, all Plaintiff offers is the mere fact that "[i]t was after [Plaintiff] filed her initial discrimination complaint in 2013 that OHR terminated her." Pl.'s Opp'n at 13. But as shown in the District's moving brief, the three-year passage of time between Plaintiff's EEOC charge and her 2016 termination is too long to prove causation. Def.'s Mem. at 9-11. Plaintiff's bare assertion that the "[e]vidence, viewed in [the] light most favorable to [her], raised an inference of a retaliatory motive" is entirely conclusory and unsupported by fact, and thus cannot defeat summary judgment.

In addition, Plaintiff cannot show causation because she has no evidence showing that Palacio knew about Plaintiff's EEOC charge when she terminated Plaintiff. "To prove unlawful retaliation," Plaintiff must "show that [Palacio], who made the [termination decision], had knowledge of her protected activity." *Talavera v. Shah,* 638 F.3d 303, 313 (D.C. Cir. 2011). "A plaintiff may demonstrate causation through . . . 'the temporal proximity between the employer's knowledge of a protected activity and the adverse employment action.'" *Lee v. Mabus*, 955 F. Supp. 2d 33, 49 (D.D.C. 2013) (quoting *Rattigan v. Gonzales*, 503 F. Supp. 2d 56, 77 (D.D.C. 2007)). Here, Plaintiff cannot establish Palacio's knowledge, and even if she could, there is no temporal proximity between such knowledge and Plaintiff's termination three years later.

Palacio states that she did not know that Plaintiff filed an EEOC charge until Plaintiff brought this lawsuit. Def.'s Facts ¶ 68. But Plaintiff contends that Palacio did have knowledge because she had a "close professional friendship" with Vasquez, Palacio's predecessor, and Plaintiff's settlement payment resolving her EEOC charge was issued several months after Palacio became Acting Director of OHR. Pl.'s Ex. A, Stewart Decl. ¶ 43-44. Plaintiff's

7

generalized allegations are insufficient to establish Palacio's knowledge, before she terminated Plaintiff in 2015, of Plaintiff's 2013 EEOC charge.  Plaintiff also claims that an EEO Counselor told her that he informed Palacio of Plaintiff's EEOC charge, *id.* ¶ 45, but the alleged statement, contained in an email from the counselor to Plaintiff, is inadmissible hearsay, *see* Pl.'s Ex. H.  In any event, even if Palacio had knowledge of Plaintiff's EEOC charge, there is no temporal proximity between that knowledge and Plaintiff's termination three years later.  Thus, Plaintiff cannot establish causation to prove her retaliation claim.

## IV.   Plaintiff Concedes Her ADEA Hostile Work Environment Claim, and In Any Event, She Cannot Establish Severe or Pervasive Harassment.

Plaintiff brings a hostile work environment claim under the ADEA, *see* Am. Compl. ¶ 40, but she did not respond to the District's arguments for summary judgment on this claim in her opposition.  *See* Pl.'s Opp'n; Def.'s Mem. at 16-18.  Because Plaintiff does not offer any argument in support this claim, the claim is conceded.  *See Phrasavang v. Deutsche Bank*, 656 F. Supp. 2d 196, 201 (D.D.C. 2009) (dismissing claim where the plaintiff failed to offer argument in opposition).[2]  And in any event, the record establishes that Plaintiff's treatment was not sufficiently severe or pervasive enough to establish a hostile work environment claim.  Def.'s Mem. at 16-18.  Nor has Plaintiff shown that her treatment was based on her age.  *See id.* at 17-18.  Accordingly, the Court should grant summary judgment in the District's favor on Plaintiff's hostile work environment claim.

---

[2]   Even when a nonmoving party fails to oppose summary judgment, the D.C. Circuit has held that "[t]he District Court 'must always determine for itself whether the record and any undisputed material facts justify granting summary judgment.'" *Winston & Strawn, LLP v. McLean*, 843 F.3d 503, 505 (D.C. Cir. 2016) (quoting *Grimes v. Dist. of Columbia*, 794 F.3d 83, 97 (D.C. Cir. 2015) (Griffith, J., concurring) (citing Fed. R. Civ. P. 56(e)(3)).  The District has made this showing and thus is entitled to summary judgment.  *See* Def.'s Mem. at 16-18.

## CONCLUSION

For the foregoing reasons and for the reasons set forth in the District's moving

memorandum of points and authorities, the Court should grant the District's motion for summary

judgment and dismiss the Amended Complaint with prejudice.

Date: July 12, 2019

Respectfully Submitted,

KARL A. RACINE
Attorney General for the District of Columbia

CHAD COPELAND
Deputy Attorney General
Civil Litigation Division

*/s/ Christina Okereke*
CHRISTINA OKEREKE [219272]
Assistant Attorney General
441 Fourth Street, N.W.
Suite 630 South
Washington, D.C. 20001
(202) 727-5173 (Telephone)
(202) 715-7767 (Fax)
christina.okereke@dc.gov

*Counsel for Defendant District of Columbia*