**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

GEORGIA A. STEWART,               )
                                  )
        Plaintiff,                )
                                  )
        v.                        )        No. 17-cv-495 (CKK)
                                  )
DISTRICT OF COLUMBIA,             )
                                  )
        Defendant.                )


**DEFENDANT DISTRICT OF COLUMBIA'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S STATEMENT**
**OF UNDISPUTED MATERIAL FACTS**

| ¶ | Defendants' Fact | Plaintiff's Response | Defendants' Reply |
|---|---|---|---|
| 12 | Plaintiff also requested a television to keep herself abreast of the news and a flexible schedule from Palacio, both of which Palacio approved.  Palacio Decl. ¶ 4. | Disputed. See Exhibit A – Declaration of Plaintiff Georgia Stewart ¶30; See Exhibit F – Email Thread between Georgia Stewart and Josephine Ansah-Brew re Office Televisions. | Plaintiff does not deny that she requested a television and a flexible schedule from Palacio and thus does not state a material dispute of fact.  Exhibit F was not produced in discovery and thus cannot be relied upon.  In addition, Exhibit F does not provide factual support for Plaintiff's position. |
| 13 | Palacio began to observe performance issues with Plaintiff in early 2015 to early 2016.  *Id.* ¶ 5. | Disputed. See Exhibit A - Declaration of Plaintiff Georgia Stewart ¶27; See Exhibit C – Justification Memo from Monica Palacio to Human Resources for Plaintiff Georgia Stewart's Raise. | The evidence cited does not establish a disputed issue of material fact. |
| 14 | Palacio met with Plaintiff regularly, provided guidance, and requested that she improve her performance.  Ex. 4, Deposition of Monica Palacio, Mar. 19, 2019 (Palacio Dep.) at 27:5-10, 29:2-3, 82:22-83:2. | Disputed. See Exhibit A - Declaration of Georgia Stewart ¶24 | The evidence cited does not establish a disputed issue of material fact. |
| 16 | It is the responsibility of every manager in OHR to ensure that his or her team timely and reliably enters case updates in MATS.  Ex. 4, Palacio Dep. at 20:8-15, 20:21-5, 76:12-20, 77:4-7, 80:4-9. | Disputed. No Dispute that it is the responsibility of every manager in OHR to punctually and reliably enter case updates in MATS . Dispute that every manager fulfilled their duty. See Exhibit E - Deposition of Melissa Sharpe pp. 21-22 | The evidence cited does not establish a disputed issue of material fact. |

| 20 | According to Palacio, because mediation is mandatory in all OHR cases, it is critical that updates in a case's mediation status be promptly entered in MATS so that OHR's Investigations Unit knows whether a case has or has not been settled so that the assigned investigator knows whether to continue the investigation. Palacio Decl. ¶ 6; *see also* Ex. 4, Palacio Dep. at 78:19-80:3. | No Dispute that this is what Ms. Palacio states in her Declaration. Dispute that this is a reality in OHR. See Exhibit E. | Plaintiff does not state a dispute of material fact. Plaintiff's argumentative statement does not create a dispute of material fact. |
|---|---|---|---|
| 21 | The failure to promptly enter updates in mediation cases in MATS resulted in inefficiencies in OHR's management of cases. Ex. 4, Palacio Dep. at 18:2-19:19. | No Dispute that this is what Ms. Palacio states in her Declaration. Dispute that this is a reality in OHR. See Exhibit E. | Plaintiff does not state a dispute of material fact. Plaintiff's argumentative statement does not create a dispute of material fact. |
| 23 | Plaintiff did not consistently enter updates in MATS in a timely manner as directed by Palacio. Ex. 1, Stewart Dep. at 51:3-15; Palacio Decl. ¶ 7. | No Dispute that this is what Ms. Palacio states in her Declaration. Dispute that Plaintiff did not complete her tasks in a timely manner. See Exhibit A, ¶38, ¶40, ¶55, ¶56. | The evidence cited does not establish a disputed issue of material fact. The undisputed record establishes Defendant's asserted fact. *See* Def.'s Statement of Undisputed Facts ¶ 23 (citing Def.'s Ex. 1, Stewart Dep. at 51:3-15). |
| 24 | According to Palacio, this caused investigators to needlessly continue to investigate a case that had been resolved in mediation weeks or months earlier because the case | No Dispute communication to investigators may have been inefficient. Dispute that the fault lay with Ms. Stewart. See Exhibit D – Resignation Letter and Other Relevant Work Product Emails from Nellie Phelan. | Exhibit D was not produced in discovery and thus cannot be relied upon. In addition, Exhibit D does not provide factual support for Plaintiff's position. |

| | | | |
|---|---|---|---|
| | had not been updated in the system. Palacio Decl. ¶ 7. | | |
| 26 | Palacio believed that Plaintiff demonstrated poor judgment and management of her staff. *Id.* ¶ 9. | Disputed. See Exhibit B – Plaintiff Georgia Stewart's Performance Appraisal. | Exhibit B was not produced in discovery and thus cannot be relied upon. In addition, Exhibit B does not create a dispute of material fact because it is dated almost a year before Plaintiff's termination in September 2016. |
| 27 | When a full-time staff mediator under Plaintiff's supervision resigned from OHR, she informed Palacio that Plaintiff had not been assigning her enough work. *Id.*; Ex. 4, Palacio Dep. at 47:3-48:6. | Disputed. See Exhibit A – ¶¶33-36. | Plaintiff does not state a material dispute of fact. Defendant's asserted fact is that the employee told Palacio that Plaintiff had not been assigning her enough work, not that the employee resigned because Plaintiff did not assign her enough work. |
| 28 | Palacio discovered that Plaintiff was relying more on contract mediators and not sufficiently utilizing the staff mediator, unnecessarily costing the agency more money. Palacio Decl. ¶ 9. | Disputed. See Exhibit A – ¶¶33-36. | The evidence cited does not establish a disputed issue of material fact. |
| 29 | According to Palacio, Plaintiff also demonstrated poor judgment and management in the hiring and management of another mediator who was previously working at OHR as a contract mediator. *Id.* ¶ 10. | No Dispute that this is what Palacio believed. Dispute that this is what actually occurred. | Plaintiff does not cite any evidence in support of her dispute. |
| 31 | However, serious problems emerged with this mediator | Disputed. Other than Ms. Palacio's self-serving Declaration, Defendants proffer no objective evidence in support of this assertion. | Plaintiff does not cite any evidence in support of her dispute and thus does not establish a material dispute of fact. |

| | | | |
|---|---|---|---|
| | shortly after he was hired. Palacio Decl. ¶ 10. | | |
| 33 | Palacio confronted Plaintiff about these issues and Plaintiff admitted that she could no longer manage him.  Palacio Decl. ¶ 10. | Disputed. Other than Ms. Palacio's self-serving Declaration, Defendants proffer no objective evidence in support of this assertion. | Plaintiff does not cite any evidence in support of her dispute and thus does not establish a material dispute of fact. |
| 34 | Plaintiff prepared a memorandum outlining her concerns about the mediator. Ex. 5, Feb. 29, 2016 email from Plaintiff to Monica Palacio and Ayanna Lee & attached memorandum; Ex. 1, Stewart Dep. at 64:17-65:16; Palacio Decl. ¶ 10. | No Dispute that Plaintiff prepared a memorandum at the insistence of Monica Palacio. | Plaintiff does not cite any evidence in support of her contention that she "prepared a memorandum at the insistence of Monica Palacio," and thus does not state a dispute of material fact. |
| 35 | Palacio terminated the mediator's employment based on the information provided by Plaintiff in her memorandum. Palacio Decl. ¶ 10; Ex. 4, Palacio Dep. at 84:12-22. | No Dispute that Ms. Palacio terminated the mediator based on information Plaintiff provided in her Memorandum, which was prepared at the insistence of Ms. Palacio. | Plaintiff does not dispute Defendant's asserted fact and does not cite any evidence to support her statement that she prepared the memorandum "at the insistence of Ms. Palacio." |
| 36 | Plaintiff failed to attend several regularly scheduled management meetings and staff meetings or would arrive late. Palacio Decl. ¶ 11; see Ex. 6, Email correspondence. | Disputed. See Exhibit A, ¶28 | Plaintiff's citation does not dispute Defendant's asserted fact that she failed to attend several regularly scheduled management and staff meeting or wold arrive late.  See Pl.'s Ex. A ¶ 28. |
| 37 | As the management and staff meetings were held on the first and second Tuesday of every month, respectively, in Palacio's | Disputed. See Exhibit A, ¶28 | Plaintiff's citation does not dispute Defendant's asserted fact.  See Pl.'s Ex. A ¶ 28. |

| | | | |
|---|---|---|---|
| | view, there was no excuse for Plaintiff's failure to attend. Palacio Decl. ¶ 11. | | |
| 38 | In addition, when Plaintiff did attend meetings, she often made unproductive and disrespectful comments. *Id.* ¶ 12. | Disputed. Other than Ms. Palacio's self-serving Declaration, the Defendants have not produced a single shred of evidence in support of this assertion. See Exhibit B, Exhibit C. | Exhibit B was not produced in discovery and thus cannot be relied upon.  In addition, Exhibits B and C do not establish a dispute of material fact. |
| 39 | For example, during one staff meeting, which was attended by OHR's staff of approximately 40 employees, when Palacio asked Plaintiff a question, she replied, "I don't have to answer that." *Id.* | Disputed. Other than Ms. Palacio's self-serving Declaration, Defendants proffer no objective evidence in support of this assertion. | Plaintiff does not cite any evidence and thus does not create a dispute of material fact. |
| 40 | Palacio found Plaintiff's response to be rude, unprofessional, and insubordinate. *Id.* | See Paragraph 39 above. | Plaintiff does not cite any evidence and thus does not create a dispute of material fact. |
| 42 | However, the agency did not have sufficient funds in the budget to allocate to that, so Palacio did not approve Plaintiff's request.  Palacio Decl. ¶ 14. | Disputed. See Exhibit H – Emails from David Prince to Plaintiff Georgia Stewart. | The evidence Plaintiff cites does not create a dispute of material fact. |
| 45 | During the time period when Palacio supervised Plaintiff, three staff mediators were hired in the Mediation Unit.  Palacio Decl. ¶ 15; Ex. 4, Palacio Dep. at 48:7-49:14. | Disputed. Other than Ms. Palacio's self-serving Declaration, Defendants proffer no objective evidence in support of this assertion. | Plaintiff does not cite any evidence and thus does not create a dispute of material fact. |

| 46 | Plaintiff was involved in the decision to hire each of them. Palacio Decl. ¶ 15; Ex. 4, Palacio Dep. at 48:7-49:14. | Disputed. Other than Ms. Palacio's self-serving Declaration, Defendants proffer no objective evidence in support of this assertion. | Plaintiff does not cite any evidence and thus does not create a dispute of material fact. |
|---|---|---|---|
| 49 | Because he managed two units, the Intake and Investigation Units, Palacio believes that staffing levels were appropriate based on the workload in those two units.  *Id.* | No Dispute that this is what Ms. Palacio believed. Disputed given the reality of the workload of the office. | Plaintiff does not state a dispute of material fact.  Plaintiff's argumentative statement does not create a dispute of material fact. |
| 57 | In her memorandum, Palacio detailed three main reasons for Plaintiff's termination:  (1) Plaintiff's failure/refusal to follow OHR's case processing guidelines; (2) Plaintiff's failure to attend management meetings and/or collaborate with other managers; and (3) Plaintiff's poor professional judgment and ineffective/wasteful and punitive management decisions.  *Id.*, Sept. 20, 2016 Mem.; *see also* Palacio Decl. ¶¶ 5-13; Ex. 4, Palacio Dep. at 17:16-19:19, 25:18-27:4, 46:7-47:6, 57:2-58:8, 87:9-14, 88:4-10. | No Dispute that these were the reasons provided for Plaintiff's termination. Dispute the accuracy of the allegations. | Plaintiff does not state a dispute of material fact and does not cite any evidence disputing Defendant's asserted fact. |

| 64 | However, four of the five employees Plaintiff references were not terminated. *See* Palacio Decl. ¶ 19. | Disputed. Other than Ms. Palacio's self-serving Declaration, Defendants proffer no objective evidence in support of this assertion. | Plaintiff does not cite any evidence and thus does not create a dispute of material fact. |
|---|---|---|---|
| 67 | All were terminated for legitimate business reasons. *Id.* | Disputed. This assertion by the Defendants is again based solely upon the self-serving statements of Monica Palacio. | Plaintiff does not cite any evidence and thus does not create a dispute of material fact. |
| 68 | Palacio was not aware until Plaintiff filed this lawsuit that she had previously filed an EEOC charge in 2013. *Id.* ¶ 22. | Disputed. See Exhibit A, ¶¶42-46; See Exhibit H. | Plaintiff relies on Exhibit H for the truth of the matter asserted and Exhibit H is inadmissible hearsay, and thus Plaintiff does not establish a dispute of material fact. |

Date:   July 12, 2019

Respectfully submitted,

KARL A. RACINE
Attorney General for the District of Columbia

CHAD COPELAND
Deputy Attorney General
Civil Litigation Division

/s/ *Christina Okereke*
CHRISTINA OKEREKE [219272]
Assistant Attorney General
441 Fourth Street, N.W., Suite 630 South
Washington, D.C. 20001
(202) 727-5173 (Telephone)
(202) 715-7767 (Fax)
christina.okereke@dc.gov
*Counsel for Defendant District of Columbia*

8