# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 19-7123**                                      **September Term, 2020**

**1:17-cv-00495-CKK**

**Filed On:** January 27, 2021

Georgia A. Stewart,

       Appellant

   v.

District of Columbia,

       Appellee

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

    **BEFORE:**   Henderson, Rogers, and Katsas, Circuit Judges

### J U D G M E N T

Upon consideration of the record from the United States District Court for the District of Columbia and the briefs filed by the parties, see Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j), it is

**ORDERED AND ADJUDGED** that the district court's orders, filed September 9, 2019, and September 26, 2019, be affirmed.

The district court did not err in granting summary judgment in favor of appellee. Appellee has provided "legitimate, non-discriminatory reason[s]" for its employment decision, and appellant has not "produced sufficient evidence for a reasonable jury to find that the employer's asserted non-discriminatory reason[s] w[ere] not the actual reason and that the employer intentionally discriminated against the employee on the basis of" a characteristic protected by law. Brady v. Office of Sergeant at Arms, 520 F.3d 490, 493-94 (D.C. Cir. 2008); see also DeJesus v. WP Co. LLC, 841 F.3d 527, 532 (D.C. Cir. 2016) (applying McDonnell Douglas framework to claims brought under Title VII and the Age Discrimination in Employment Act). Appellant argues for the first time in her reply brief that the Supreme Court's decision in Babb v. Wilkie, 140 S. Ct. 1168 (2020), supports remanding her claim under the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq., to the district court. However, Babb was decided before appellant filed her opening brief in this appeal, and this court generally

# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 19-7123**                                        **September Term, 2020**

does not consider arguments raised for the first time in a reply brief.  See Newspaper Ass'n of Am. v. Postal Regulatory Comm'n, 734 F.3d 1208, 1212 (D.C. Cir. 2013).  Even if appellant had not forfeited this argument, it would fail on the merits because appellant has not shown that age discrimination played any role in any adverse action she suffered.  See Babb, 140 S. Ct. at 1173–74.  In addition, appellant has not shown that the district court erred by failing to independently inquire into the competency of the counsel that she hired to represent her.  Cf. Hussain v. Nicholson, 435 F.3d 359, 364 (D.C. Cir. 2006) ("[A] party who voluntarily chooses his attorney 'cannot . . . avoid the consequences of the acts or omissions of this freely selected agent.'") (quoting Link v. Wabash R.R. Co., 370 U.S. 626, 633–34 (1962)).

Lastly, the district court did not abuse its discretion by denying appellant's request for an extension of time in which to file a motion for reconsideration.  Pursuant to Federal Rule of Civil Procedure 6(b)(2), "[a] court must not extend the time to act under" Rule 59(e) or Rule 60(b).  Fed. R. Civ. P. 6(b)(2).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**

FOR THE COURT:
Mark J. Langer, Clerk

BY:   /s/
Daniel J. Reidy
Deputy Clerk